## No. 244.—JOHN RAY *v.* J. P. TATUM, Administrator.

If the administrator has filed a classification of the debts due by the succession, and has obtained an order of the parish court homologating the same, then a creditor whose account has been thus homologated and ordered to be paid out of the funds in his hands, may, on his refusal, cause execution to issue from the parish court, notwithstanding the amount is above five hundred dollars or above the ordinary jurisdiction of the parish court, the jurisdiction of the parish court being unlimited in purely probate matters.

APPEAL from the Parish Court, parish of Jackson.    *Nat. Rives,* Parish Judge.    *James E. Hamlett,* for plaintiff and appellee.    *Kidd & Smith,* for defendant and appellant.

TALIAFERRO, J.    The defendant, in his capacity of administrator, having, at the instance of the plaintiff, a creditor of the succession of Sherrand, filed, in obedience to an order of the parish court, a classification and order of payments of the debts of the succession, the plaintiff was placed on the tableau as a creditor to the amount of $985 90.    This classification was duly homologated by the parish court and an order rendered by it for the payment of the creditors accordingly.    After the lapse of more than ten days from the rendition of the judgment, and the administrator having failed to make payments in conformity therewith, the plaintiff took a rule against the administrator to show cause why execution should not issue against him according to law for the said sum of $985 90, with interests and costs. The administrator, in answer to the rule, excepted to the jurisdiction of the parish court, on the ground that the amount sought to be enforced exceeds the sum of $500.    The exception was overruled and the rule made absolute.    From this judgment of the parish court the defendant appealed.

The proceeding is not a suit for or against a succession.    In accordance with the administrator's own exhibit of the debts of the estate and with the order he proposed to pay them, a judgment was rendered without opposition, homologating the tableau and ordering the payment of the creditors whose debts were acknowledged and placed upon it.    Article 983 provides that: "All debts in money which are due from successions administered by curators appointed by courts and by testamentary executors shall be liquidated, and their payment enforced by the courts of probates of the place where the succession was opened."    The administrator having failed to pay over the money in his hands to the creditor decreed to be entitled to receive it, the creditor is authorized by articles 993 and 1057 to take out execution against him and cause his property to be seized and sold to a sufficient amount to pay the debt.    We find nothing in the law to prevent a creditor from enforcing, in this manner, payment of a debt ascertained by judgment against a succession, where the administrator, having funds, refuses to pay it, especially when he is ordered by the proper court to make the payment.

It is therefore ordered, adjudged and decreed that the judgment of the parish court be affirmed, with costs.